UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JUDITH MICKELSON,<br><br>    Plaintiff,<br><br>V.<br><br>JULIAN MICKELSON, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:16-cv-267-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Plaintiff Judith Mickelson's motions for injunctive relief and for next friend assistance. (DE 4; DE 5). Plaintiff's *pro se* motion—and *pro se* complaint—contain broad allegations of tortious conduct related to Defendants' administration of trusts created upon the death of the four Mickelson children's parents. (DE 1).

## I. DISCUSSION

A. INJUNCTIVE RELIEF

The Court recognizes that Plaintiff is proceeding *pro se*; therefore, the Court evaluates Plaintiff's filings with some latitude. The Court interprets Plaintiff's motion for injunctive relief as a motion for a Temporary Restraining Order ("TRO"). Federal Rule of Civil Procedure 65 ("FRCP") provides that a Court may issue a preliminary injunction only after the adverse party has received notice. Fed. R. Civ. P. 65(a)(1). Plaintiff does not allege that any Defendant has received notice of this action, thus, the only injunctive relief available to Plaintiff is a TRO. Fed. R. Civ. P. 65(b)(1).

Plaintiff's request for a temporary restraining order, however, has two fatal flaws. First, Plaintiff has not certified in writing the efforts she has made to provide notice to the Defendants. *See* Fed. R. Civ. P. 65(b)(1)(B). Second, Plaintiff does not address the standard under which a court considers whether to grant a motion for a temporary restraining order. When evaluating the merits of a temporary restraining order, courts must consider "(1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would suffer irreparable injury absent a [TRO], (3) whether granting the [TRO] would cause substantial harm to others, and (4) whether the public interest would be serve by granting the [TRO]." *N.E. Ohio Coal. for the Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1009 (6th Cir. 2006); *see* Fed. R. Civ. P. 65(b)(1)(A). Plaintiff's motion does not address and does not satisfy any of the elements necessary for a temporary restraining order. (DE 4.)

**B. NEXT FRIEND ASSISTANCE**

Plaintiff also requests that this action be prosecuted on her behalf by a "next friend," one Charles Baker, pursuant to FRCP 17(c)(2). (DE 5.) Rule 17(c)(2) provides that: "an incompetent person who does not have a duly appointed representative may sue by a next friend." The term "incompetent person" in Rule 17(c) refers to "a person without the capacity to litigate." *Thomas v. Humfield*, 916 F.2d 1032, 1035 (5th Cir. 1990), *aff'd*, 32 F.3d 566 (5th Cir. 1994), *cert. denied*, 513 U.S. 1167 (1995). Next friends appear in court on behalf of persons who are unable to seek relief themselves, usually because of mental incompetence. *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990).

This Court finds that Plaintiff fails to satisfy the requirements of Rule 17(c) because Plaintiff has neither made a threshold showing of incompetence nor alleged that she has ever been adjudicated incompetent. *See Lenhard v. Wolff*, 603 F.2d 91, 93 (9th Cir. 1979)

("Some minimum showing of incompetence must appear before a hearing is necessary."). Plaintiff's bare assertion that she has several disabilities that qualify her for relief under Title II of the Americans with Disabilities Act ("ADA") is insufficient to justify appointment of a next friend for two reasons. (DE 5.) First, a finding of disability under the ADA is not equivalent to finding an individual incapable of litigation. *See* 42 U.S.C. § 12131. And second, Plaintiff's prosecution of this case and her litigation in the Northern District of Illinois involving similar issues, suggest that Plaintiff is able to seek relief on her own. *See Mickelson v. Mickelson*, 2013 WL 3774004, at *2 (N.D. Ill. July 18, 2013), *aff'd*, 577 F. App'x 613 (7th Cir. 2014) ("On September 6, 2012, the Court, with Plaintiff's consent, allowed Plaintiff's counsel to withdraw. She has proceeded pro se since.").

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's motion for injunctive relief (DE 4) is **DENIED**; and
2. Plaintiff's motion for next friend assistance (DE 5) is **DENIED.**

Dated July 20, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY