UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JUDITH MICKELSON, | CIVIL ACTION NO. 5:16-267-KKC |
| Plaintiff, | |
| V. | MEMORANDUM OPINION & ORDER |
| JULIAN MICKELSON, et al., | |
| Defendants. | |

\*\*\* \*\*\* \*\*\*

Plaintiff Judith Mickelson brought suit against numerous defendants arising out of their alleged misconduct involving her inheritance. (DE 1). Judith[1] proceeds in this matter pro se.

Currently before the Court are motions to dismiss filed by all defendants. (DE 16; DE 17; and DE 19). Also before the Court is Judith's motion for injunctive relief (DE 36), her motion for immediate injunctive relief (DE 40), and her motion to correct exhibits (DE 39). For the following reasons, all of the defendants' motions to dismiss are **GRANTED**, Judith's motion for injunctive relief and her motion for immediate injunctive relief are **DENIED**, and her motion to correct exhibits is **DENIED** as moot.

## I. Background

A lengthy discussion of the underlying facts is not necessary to dispose of the matters pending before the Court. Judith is the daughter of Ralph and Shirley Mickelson and the sister to Jerome, Julian, and Jonathon.

---

[1] For clarity, and to avoid repetitive use of the name Mickelson, the Court will refer to each Mickelson by his or her first name.

1

Judith represents that Ralph's will and testament specifically called for the creation of four trusts upon Shirley's death—one named for each child—and Jerome was named as co-trustee on each trust with the other children named as co-trustees on their respective trust.[2] All of the trusts were to be equally funded.

In her complaint, Judith claims that the combined estates of Ralph and Shirley were valued at more than $20 million and that Jerome was named as the independent administrator and executor of the parents' estates.

In 2011, Judith brought suit against Jerome in the United States District Court for the Northern District of Illinois for his actions regarding the handling of her trust. The Northern District of Illinois disposed of Judith's claims and granted summary judgment to Jerome. *See Mickelson v. Mickelson*, No. 11 C 5061, 2013 WL 3774004, at *1 (N.D. Ill. July 18, 2013). The Seventh Circuit affirmed the district court's decision, describing the case as "a bitter dispute over the inheritances of Judy Mickelson and her three brothers." *See Mickelson v. Mickelson*, 577 F. App'x 613 (7th Cir. 2014) (Mem).

Judith has now brought suit against her three brothers, The PrivateBank & Trust Co.[3], and Lloyd Chatfield, who served as her attorney during part of the earlier litigation. In her complaint, Judith pleads seven counts: conversion, conspiracy, fraud, defamation, intentional infliction of emotional distress, negligence, and abuse of process.

All defendants—the Mickelson brothers (DE 16), The PrivateBank & Trust Co. (DE 17), and attorney Chatfield (DE 19)—have filed motions to dismiss Judith's complaint with prejudice.

---

[2] Judith states that Julian is now the co-trustee of her trust and that he took over after Judith accused Jerome of fraud and demanded Jerome resign. (DE 1, Complaint at 2).
[3] The complaint incorrectly refers to this defendant as Private Bank Corp. Inc.

2

## II. Defendants' motions to dismiss

The motions to dismiss cite three grounds by which the Court could dispose of Judith's claims: (1) her claims are barred by res judicata; (2) under Federal Rule of Civil Procedure 12(b)(3), the Eastern District of Kentucky is an improper venue; and (3) under Rule 12(b)(6), Judith has failed to state a claim upon which relief can be granted.

The Court will address the defendants' improper venue argument first, for if venue is improper in the Eastern District of Kentucky, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

As a threshold matter, the Court notes that Judith did not address the issue of venue in her complaint. Nonetheless, the defendants bear the burden to establish that venue in the Eastern District of Kentucky is improper. *See Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016).

Venue, and the question of whether it is wrong or improper, is governed generally by 28 U.S.C. § 1391. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. Of Texas*, 134 S. Ct. 568, 577 (2013). Under 28 U.S.C. § 1391(b), a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here, the defendants have carried their burden of demonstrating that venue in this District is improper.

Under the first means for establishing venue, the Court looks to the residence of the defendants. 28 U.S.C. § 1391(b)(1). An individual's residence is determined by his or her domicile, and a corporation's residence is determined by where it is subject to personal jurisdiction. 28 U.S.C. § 1391(c)(1)–(2). Here, the filings reflect that the Mickelson brothers and Chatfield are residents of Illinois. (DE 1, Complaint at 1; DE 16-1, Motion at 11). Similarly, The PrivateBank & Trust Co. would be subject to personal jurisdiction in Illinois. (*See* DE 16-1, Motion at 11) (stating that The PrivateBank & Trust Co. has its principal place of business in Illinois). Thus, a district within in the state of Illinois would be a proper venue, but the Eastern District of Kentucky is not.

Under the second means for establishing venue, the Court looks to whether a substantial part of the events or omissions giving rise to the claim occurred, or whether a substantial part of the property that is the subject of the action is located, within a particular judicial district. 28 U.S.C. § 1391(b)(2).

Here, nothing in the record suggests that any substantial portion of the events giving rise to litigation occurred in Kentucky. Although Judith makes a vague reference in her response to the defendants' motions to dismiss that the defendants created a sham Kentucky corporation, she does not elaborate on that claim. (DE 24, Response at 1). Further, even if her communications with her brothers, or the bank, or her former attorney, occurred while she was in Kentucky, this Court, and others within the Sixth Circuit, "have subscribed to the view that without more, the suffering of economic harm within a district is not sufficient for purposes of establishing venue in that district." *Alltech, Inc. v. Carter*, No. 5:08-CV-00325-KKC, 2010 WL 988987, at *3 (E.D. Ky. March 15, 2010) (citing *Kolodziej v. Gosciak*, No. 1:06-cv-820, 2008 WL 786326 (W.D. Mich. March 20, 2008)).

Moreover, other courts examining venue in cases involving trust disputes have considered such factors as: (1) the location of counsel who helped draft the trust; (2) where the trust was

4

drafted; (3) where the trust was executed; (4) where the trust was filed; (5) where documents related to the trust are stored; and (6) where the trust's assets are held. *See Cox v. Sullivan*, No. 14-cv-206-TCK-FHM, 2014 WL 4352088, at *3 (N.D. Okla. Sept. 2, 2014). The answer to each of these factors in this case is Illinois, not Kentucky. (See DE 16-1, Mickelson brothers' motion to dismiss, at 12).

Thus, under the second section of the statute, a district within the state of Illinois would be a proper venue for this matter. The Eastern District of Kentucky, however, is not.

The third means of establishing venue is inapplicable in this case because venue could be had under either of the first two provisions of the statute. *See Long John Silver's, Inc. v. DIWA III, Inc.*, 650 F. Supp. 612, 632 (E.D. Ky. 2009) ("This is because subsection (3) is a 'catchall' or 'fallback' provision, authorizing venue 'when, and only when, there is no district in which a case otherwise could be brought in accordance with the venue statute.'").

Because the Court has determined the Eastern District of Kentucky to be an improper venue for this action, the question becomes whether the Court should dismiss the case or transfer it to a district where it could have originally been brought. *See* 28 U.S.C. § 1406(a). This decision is committed to the sound discretion of the district court. *See First of Mich. Corp. v. Bramlet*, 141 F.3d 260, 262 (6th Cir. 1998).

Here, the Court chooses to dismiss Judith's complaint. Without addressing the issue, the Court stresses that it has serious concerns, based on the doctrine of res judicata, as to whether Judith's claims would be viable if transferred to a different district.

Finally, Judith suggests in her response to the defendants' motions to dismiss that she could amend her complaint should the Court wish her to do so. (DE 24, Response at 1). The Court does not find Judith's statement to be an affirmative request to amend her complaint. Even so, the time in which Judith could file an amendment as a matter of course has run, so

she would have to ask either for the opposing party's consent or the Court's leave. Fed. R. Civ. P. 15(a).

Under Rule 15(a)(2), courts should freely give leave to amend "when justice so requires." The decision of whether to permit amendment is committed to the discretion of the trial court, but this discretion is limited by Rule 15(a)'s liberal policy of permitting amendments to ensure the determination of claims on their merits. *Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).

Here, the Court finds that even if a motion to amend had been made, permitting amendment of the present complaint would be futile because venue would still be improper in this District. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 353 ("Although the rule encourages courts to give leave to amend when justice so requires, courts need not give leave to amend when doing so would be futile. Amending would be futile if a proposed amendment would not survive a motion to dismiss.") (internal citations and quotation marks omitted).

Accordingly, the motions to dismiss filed by all defendants—the Mickelson brothers (DE 16), The PrivateBank & Trust Co. (DE 17), and attorney Chatfield (DE 19)—are granted.

### III. Plaintiff's motions

**a. Judith's motions for injunctive relief**

Because the Court has determined venue is improper in the Eastern District of Kentucky, Judith's motion for injunctive relief and her motion for immediate injunctive relief are not properly before the Court. *See Atlantic Marine*, 134 S. Ct. at 577 ("When venue is challenged, the court must determine whether the case falls within one of the three categories set out in § 1391(b). If it does, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)."). Thus, Judith's motions for injunctive relief will be denied.

b.  **Judith's motion to correct exhibits**

Lastly, Judith's motion to correct exhibits attached to an earlier motion (DE 39) will be denied as moot.

### IV. Conclusion

For the foregoing reasons, venue is improper in this District and the defendants' motions to dismiss will be granted on that basis.

Accordingly, it is hereby **ORDERED** that:

(1) The motion to dismiss by the Mickelson brothers (DE 16) is **GRANTED**;

(2) The motion to dismiss by The PrivateBank & Trust Co. (DE 17) is **GRANTED**;

(3) The motion to dismiss by attorney Lloyd Chatfield (DE 19) is **GRANTED**;

(4) The motion for injunctive relief by Judith Mickelson (DE 36) is **DENIED**;

(5) The motion for immediate injunctive relief by Judith Mickelson (DE 40) is **DENIED**;

(6) The motion to correct exhibits by Judith Mickelson (DE 39) is **DENIED** as moot; and

(7) A separate judgment **SHALL ISSUE**.

Dated February 23, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY