UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| JUDITH MICKELSON,<br><br>    Plaintiff,<br><br>V.<br><br>JULIAN MICKELSON, et al.,<br><br>    Defendants. | CIVIL ACTION NO. 5:16-267-KKC<br><br><br>**OPINION & ORDER** |

*** *** ***

This matter is before the Court on plaintiff Judith Mickelson's motion for reconsideration (DE 43) and her motion for emergency relief (DE 44). For the following reasons, both motions will be **DENIED**.

By previous opinion and order, this Court dismissed Judith's[1] claims against all defendants because venue is improper in the Eastern District of Kentucky. (DE 41). In her motion to reconsider, Judith argues that the Court's previous order makes it "apparent that the judge did not fully comprehend the complaint of the plaintiff." (DE 43). The Court construes this as an argument by Judith that venue is proper in this district. Upon review, the Court will deny Judith's motion for reconsideration.

Though the defendants bear the burden of establishing that venue is improper, they have carried that burden in this case. *See Means v. U.S. Conference of Catholic Bishops*, 836 F.3d 643, 652 n.7 (6th Cir. 2016). Moreover, nothing Judith cites in her motion for reconsideration changes the Court's opinion.

Under 28 U.S.C. § 1391(b), a civil action may be brought in:

---

[1] For clarity, and to avoid repetitive use of the name Mickelson, the Court will refer to each Mickelson by his or her first name.

1

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under the first method for establishing venue, a district in Illinois would be a proper venue for this action. However, the Eastern District of Kentucky remains an improper venue because none of the defendants live in this state, let alone in this district. (*See* DE 1, Complaint at 1; DE 16-1, Motion at 11).

Further, as to the second method for establishing venue, Judith's claims arise out of alleged misconduct by the defendants as it relates to her inheritance. However, as the defendants explained in their motions to dismiss: the trust instruments at issue and amendments thereto were drafted by counsel in Chicago, Illinois; Judith's parents executed the trust instruments and any amendments thereto in Illinois; any and all documents associated with the trust instruments are kept in Illinois; the trust's assets are kept with The PrivateBank and Trust Co. in Chicago; the trust is administered by Julian Mickelson, the trustee, in Illinois; and none of the property at issue in this action is located in this district because the trust assets are located in Illinois. (DE 16-1, Motion at 12).

Judith did not refute, or even address, these statements in her response to the defendants' motions to dismiss. (DE 24). Instead, she made a vague reference to "a sham KY corporation," but did not elaborate on her argument. (DE 24).

In her motion to reconsider, Judith does allege certain *contacts* that the defendants may have with Kentucky, but she fails to allege that a *substantial portion of the events* giving rise to the litigation occurred in the Eastern District of Kentucky. The venue statute is concerned

2

with the second showing, not the first. Thus, this district is also not proper under the second means of establishing venue.

Because venue can be established under either the first or second method, the third means for establishing venue is inapplicable in this case.

In light of this determination, the Court will deny Judith's motion for emergency relief as moot. Venue is improper in this district, so the Court will not reach the merits of any relief that Judith seeks.

Accordingly, it is hereby **ORDERED** that:

(1) Judith Mickelson's motion for reconsideration (DE 43) is **DENIED**;

(2) Judith Mickelson's motion for emergency relief (DE 44) is **DENIED** as moot; and

(3) the Clerk of Court is **DIRECTED** to file the exhibit attached to Judith Mickelson's emergency motion (DE 44-1) **UNDER SEAL** because it contains financial account information.

Dated March 8, 2017.

*Karen K. Caldwell*

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY